```
                                              FILED
                                           NOV 17 2009
                                        CLERK, U.S. DISTRICT COURT
                                             NORFOLK, VA
```

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

ANDRE GORDON,

    Plaintiff,

v.                                         Civil No. 4:08cv124

PETE'S AUTO SERVICE OF DENBIGH, INC.,

    Defendant.

### MEMORANDUM OPINION AND FINAL ORDER

On December 17, 2008, the plaintiff, Andre Gordon, filed a Complaint in this court against five defendants, alleging state law causes of action and a federal cause of action, purportedly arising under the Service Members Civil Relief Act, 50 U.S.C. app. § 501 et. seq. ("SCRA" or "Act").[1] In sum, the plaintiff claimed that the defendants wrongfully allowed his vehicle, a 2002 blue Jeep Grand Cherokee, to be towed from the grounds of an apartment complex, Springhouse at Newport Apartments in Newport News, Virginia, and ultimately to be sold to a third party, all while the plaintiff was deployed as a servicemember with the United States Navy and without his knowledge. With respect to the only remaining

---

[1] The plaintiff alleged state law causes of action for "bailment" and "conversion" against defendants AIMCO, Inc., AIMCO/Bethesda Holdings, Inc., Newport-Oxford Associates, L.P., and OPM Management, LLC. (Comp. ¶¶ 22-30.) The plaintiff alleged "conversion" and violation of the SCRA against defendant Pete's Auto Service of Denbigh, Inc ("Pete's Auto"). (Comp. ¶¶ 31-41.) At present, the only defendant which remains in this case is Pete's Auto.

defendant, Pete's Auto, the plaintiff claims that the company towed the plaintiff's vehicle, at the behest of the other defendants, and "sold the Vehicle to itself on or about June 22, 2007 and subsequently sold the Vehicle to a third party on or about June 25, 2007." (Comp. ¶ 21.)[2]

The plaintiff contends that this court has jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because one of his claims arises under federal law, the SCRA, giving the court federal question jurisdiction. Moreover, the plaintiff claims that the court has supplemental jurisdiction over his state law claims, pursuant to 28 U.S.C. § 1367, because they relate to the same transaction or occurrence as his federal law claim. However, considering the relief the plaintiff seeks and the nature of the case, the court finds that it does not have federal question jurisdiction in this case, and, thus, **DISMISSES** the plaintiff's cause of action against Pete's Auto.[3]

First, the plaintiff requests damages, relief which the court is not authorized to grant under the SCRA. The SCRA states that

---

[2] Pete's Auto claims that it "retitled the vehicle in its own name pursuant to the Code of Virginia," which, it contends, did not constitute a sale. (Ans. ¶ 5.)

[3] Though Pete's Auto did not raise this issue, the court has the authority, sua sponte, to address subject matter jurisdiction, and must dismiss a case if it finds, at any time during the litigation, that it is without subject matter jurisdiction. See, e.g., Sigmon Coal Co., Inc. v. Apfel, 226 F.3d 291, 299 (4th Cir. 2000).

the purpose of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502(2). Accordingly, the statute grants courts the authority to <u>stay</u>, <u>postpone</u>, <u>suspend</u>, or <u>vacate</u> any judicial or administrative proceedings or transactions which impair the civil rights of an armed servicemember while he or she is deployed. <u>See</u> 50 U.S.C. app. §§ 512-13. In that sense, the Act is neither a substantive grant of civil immunity nor a cause of action for servicemembers, but is a procedural mechanism designed to <u>preserve</u> servicemembers' legal rights and remedies, which would otherwise be prejudiced while they are absent and answering the call of duty.

However, in this case, the plaintiff does not ask the court to suspend, set-aside, or vacate a proceeding or transaction. Instead, the plaintiff requests damages for the defendant's alleged wrongful conduct, purportedly in violation of the SCRA. No provision in the Act, nonetheless, grants a servicemember a separate cause of action for damages where another judicial or administrative proceeding or transaction has operated in his disfavor during his military service. The Act only allows the court to suspend, set-aside, or vacate such proceedings or

3

transactions in order to protect the servicemember.[4] See <u>Davidson v. General Finance Corp.</u>, 295 F. Supp. 878 (N.D. Ga. 1968)("In point of fact, the Act nowhere allows a damage action.").

The plaintiff's claim here for damages arises through a state law conversion action, which has not been filed in state court but <u>may</u> be an action that the plaintiff is still able to pursue, but not under the SCRA. Consequently, the plaintiff's claim for damages presents no federal question, and this court does not have the jurisdiction to grant the plaintiff relief which Congress has not authorized under the SCRA. See <u>id.</u> at 882("It is horn book law that the court should not develop its own remedies after Congress has specifically written its own into a statute. Congress would have granted a damage action in the Act if it had meant for plaintiffs to be able to recover them.").[5]

---

[4] Section 537 of the SCRA states that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement." 50 U.S.C. app. § 537(a). Though the plaintiff does not specify in his Complaint the section of the SCRA which he would rely upon for relief, assuming that this is what the plaintiff alleges occurred in this case, this section gives the court the authority to suspend, set-aside, or vacate such an enforcement, not to grant the plaintiff damages. Indeed, this section distinguishes between the equitable relief it offers and the relief for damages one might seek <u>under other applicable law</u>. See 50 U.S.C. app. § 537(c)(2).

[5] The court also notes that even if it were to set aside the enforcement of Pete's Auto's lien against the plaintiff's vehicle, the plaintiff would be entitled to no equitable relief. Instead, the third party, presumably a bona fide purchaser of the

4

Secondly, the SCRA, by itself, cannot be a basis for federal question jurisdiction; it can only be raised in a state or federal court that has either already properly exercised jurisdiction over the case, <u>or</u> could exercise jurisdiction over the case. See 50 U.S.C. app. § 512(c). This secion states, in pertinent part: "When under this Act . . . any application is required to be made to a court in which no proceeding has already been commenced with respect to the matter, such application may be made to <u>any court which would otherwise have jurisdiction over the matter</u>." <u>Id</u>. (emphasis added). This statutory language echoes the holding in <u>Kindy v. Koenke</u>, 216 F.2d 907 (8th Cir. 1954). In that case, the Eighth Circuit dissolved all actions that the district court had taken under the Soldiers' and Sailors' Civil Relief Act of 1940 ("SSCRA"),[6] finding that the Act "confers no jurisdiction in a court to determine rights between parties, which jurisdiction the court would not have possessed, absent the Act." <u>Id</u>. at 912.

Likewise, in <u>Davidson</u>, 295 F. Supp. at 880, the court rejected a plaintiff's suit for damages for foreclosure on the plaintiff's vehicle, pursuant to the SSCRA. The court found that the plaintiff's cause of action was a "common law action for damages

---

vehicle, would retain his or her right and title to the property. <u>See</u> 50 U.S.C. app. § 521.

[6]     The SSCRA is the precursor statute to, and was recodified on December 19, 2003 as, the SCRA, and affords the same remedies to servicemembers in military service as in the SCRA.

5

only incidentally involving a federal statute," considering that the "gravamen of plaintiff's complaint is injury due to conversion," and, thus, does not "arise under" federal law. Id. at 881. Similarly, in this case, this court would have subject matter jurisdiction over the present application under the SCRA only if this court, aside from the SCRA, had jurisdiction to resolve the dispute between the plaintiff and Pete's Auto regarding the enforcement of the lien against the plaintiff's vehicle. However, that clearly is not the case here. As in Davidson, any dispute between the plaintiff and Pete's Auto regarding each parties' rights to the vehicle arise under state law, not federal law.[7]

In light of the fact that the plaintiff requests relief in damages, the plaintiff's cause of action does not arise under the SCRA, which makes no provision for that type of relief. Moreover, this court may not solely rely upon the SCRA as a basis for federal question jurisdiction, and is, therefore, proscribed from exercising such jurisdiction in this case. Consequently, the court **DISMISSES** the plaintiff's claims against Pete's Auto Service of Denbigh, Inc. for lack of subject matter jurisdiction. The

---

[7] The plaintiff specifically only alleges federal question jurisdiction in his Complaint, relying exclusively on the SCRA. (Comp. ¶ 8.) There is no allegation of diversity jurisdiction in the Complaint, or in the other filings with the court. Moreover, even if diversity of citizenship exists, the jurisdictional threshold amount to support diversity jurisdiction is questionable, given that the wrongful conduct alleged against Pete's Auto is the towing and conversion of a 2002 Jeep Grand Cherokee, which was purchased in 2002 for $33,507.00. (Comp. ¶ 11.)

plaintiff's Motion for Stay is **DENIED**, as moot.  The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Final Order to counsel for the parties.

    **IT IS SO ORDERED.**

                                             /s/
                                 Rebecca Beach Smith
                                 United States District Judge

                                 REBECCA BEACH SMITH
                                 UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 17, 2009