IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ANDRE GORDON**

       **Plaintiff,**

v.                                                                                    Civil Action No.4:08cv124

**PETE'S AUTO SERVICE OF DENBIGH, INC.,**

       **Defendant.**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION

NOW COMES the Plaintiff, by counsel, and files this Memorandum in Support of his Motion for Reconsideration.

### Background

The Plaintiff filed his Complaint against Defendant Pete's Auto Service of Denbigh, Inc. ("Pete's Auto"), among other defendants, alleging various causes of action arising from the towing and sale of the Plaintiff's vehicle while the Plaintiff was away at sea serving in the United States Navy.  In particular, the Plaintiff alleges that Pete's Auto, by selling the Plaintiff's vehicle, violated Section 537 of the Service Members Civil Relief Act, 50 U.S.C. App. § 501, et. seq. ("SCRA").

The trial in this case was set for December 7, 2009.  Because the Plaintiff, who is still an active duty member of the United States Navy, received Orders to be transferred to Korea, the Plaintiff filed a Motion to Stay under Section 522 of the SCRA.  On November

17, 2009, this Court *sua sponte* found that it did not have subject matter jurisdiction, and dismissed the case.

## Standard of Review

Fed. R. Civ. P. 59 permits a party to file a motion to alter or amend a judgment within 10 days after entry of judgment. **Fed. R. Civ. P. 59(e)**. District courts consider a motion for reconsideration as a motion filed under Rule 59(e). **See, e.g., Smith v. Lowe, 2009 U.S. Dist. LEXIS 93723 (E.D. Va., Oct. 7, 2009); Mann v. Heckler & Koch Defense, Inc., 639 F. Supp. 2d 619 (E.D. Va. 2009)**.

The Fourth Circuit has established three grounds which support a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." **Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)**. According to the Fourth Circuit, "the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Id**. A Rule 59(e) motion may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." **Id**.

In this case, a Motion for Reconsideration is appropriate under the Fourth Circuit's third ground, to correct a clear error of law and to prevent manifest injustice. Moreover, because this Court ruled *sua sponte* and without briefs or a hearing, the Plaintiff has not had the opportunity to address the issue of this Court's jurisdiction under the SCRA and

is not seeking to reargue issues already presented. Nor is the Plaintiff presenting a novel legal theory. As described below, the right of a servicemember to sue for damages under the SCRA is well-established in other courts.

## Argument

The Court made a clear error of law in ruling that it lacked subject matter jurisdiction over the Plaintiff's claim for damages under the SCRA.

*1.    Other federal courts have recognized a private cause of action for damages under the SCRA*

Although the SCRA does not provide an explicit private cause of action to servicemembers to sue for damages, several federal district courts have held that an implied right of action under the SCRA exists.

Most recently, in **Hurley v. Deutsche Bank Trust Co. Ams., 2009 U.S. Dist. LEXIS 20261 (W.D. Mich., Mar. 13, 2009)**, the court reversed itself, vacated a prior opinion, and held that "Congress intended to confer a private right of action for a violation of § 533(c) [of the SCRA]." **Id**. Further, the Court held that the servicemember plaintiff was entitled to pursue damages, including punitive damages, for violations of the SCRA. **Id**.

In **Linscott v. Vector Aero., 2006 U.S. Dist. LEXIS 6287 (D. Or., Jan. 31, 2006)**, the court held that a private cause of action for damages was implied in § 537 of the SCRA, the same section which is at issue in the current case.

Several other courts have also found an implied right of action under various provisions of the SCRA. **See Batie v. Subway Real Estate Corp., 2008 U.S. Dist. LEXIS 102539 (N.D. Tex. Mar. 12, 2008); Cathey v. First Republic Bank, 2001 US Dist LEXIS 13150 (W.D.La. 2001); Moll v. Ford Consumer Finance Co., 1998 US Dist LEXIS 3638**

**(N.D. Ill. 1998); Marin v. Armstrong, 1998 US Dist LEXIS 22792 (N.D.Tex 1998)**.

In finding a private cause of action under the SCRA, both **Hurley** and **Linscott** relied on the Supreme Court's decision in **Cort v. Ash, 422 U.S. 66 (1975)**, which established a four-part test for use "in determining whether a private remedy is implicit in a statute not expressly providing one . . . ." **Id. at 78**.[1] Both **Kindy v. Koenke, 216 F.2d 907 (8th Cir., 1954)** and **Davidson v. General Finance Corp., 295 F. Supp. 878 (N.D. Ga. 1968)**, cited in the Court's opinion, were decided before **Cort** and before the more recent line of cases holding that there is an implied right of action under certain provisions of the SCRA.

    *2.*    *The Court's Decision Is in Conflict with a Concurrent Case Pending Before the Court.*

The United States of America has also filed an action in this Court on nearly identical facts to this case, seeking damages for violations of § 537 of the SCRA. In that case, **United States of America v. B.C. Enterprises, Inc., et al., Case No. 2:08cv590**, the United States filed a Complaint on behalf of a servicemember claiming that the defendant towing company violated § 537 of the SCRA when it towed and sold the servicemember's car without obtaining a court order. Among other things, the United States sought an award of money damages for the servicemember and other identifiable victims of the defendant's SCRA violations. **See Complaint, Case No. 2:08cv590, at p. 3**.

---

[1] Although the Supreme Court has since modified the **Cort** test, **see Alexander v. Sandoval, 532 U.S. 275, 287 (2001)**, courts have continued to apply the **Cort** analysis to SCRA claims and have relied on previous cases finding a cause of action under the SCRA based on **Cort**. **See, e.g., Hurley** and **Linscott, supra.**

The defendant filed a motion to substitute, or in the alternative to dismiss the complaint, on the grounds that the United States lacked standing to pursue the case on behalf of individual servicemembers.  Although the issue of jurisdiction was not raised by the defendant, the United States addressed the issue in its brief in opposition, citing the several cases mentioned in this brief for the proposition that a private cause of action exists under the SCRA.  **See United States Brief, p. 5, n.2** (attached as Exhibit A).

In an Order entered on June 23, 2009, this Court ruled that "the United States must have the 'non-statutory right' to maintain a suit under the SCRA . . . ." **See Order, at p.7** (attached as Exhibit B).  Implicit in this holding is approval of the existence of a private cause of action for damages, whether by the United States or by an individual servicemember.  This creates a conflict within this Court, with one case under § 537 of the SCRA continuing while another, this case, has been dismissed for lack of jurisdiction.

  3.  *This Court's Ruling Causes a Manifest Injustice*

As this Court noted in its Opinion, if the Plaintiff is limited to equitable relief, the Plaintiff would be without a remedy because a *bona fide* purchaser of his vehicle is protected. **See Memorandum Opinion and Order, n. 5**. Further, because his vehicle was towed and sold while he was deployed with the U.S. Navy, the Plaintiff never had the opportunity seek injunctive relief under the SCRA to prevent the sale before it happened. This creates an unjust situation where the Plaintiff had his vehicle sold in clear violation of a law passed specifically to protect servicemembers in his situation, and is left with no remedy after the fact to make himself whole.

## Conclusion

Because the SCRA contains an implied private cause of action for damages, this Court has subject matter jurisdiction under 28 U.S.C. § 1331, and this Court's Order dismissing this case for lack of jurisdiction was a clear error of law and created a manifest injustice.  The Plaintiff respectfully requests that the Court reconsider its Memorandum Opinion and Order, reverse its decision, find that this Court has subject matter jurisdiction and allow this case to proceed subject to the Plaintiff's previously filed Motion for Stay.  In the alternative, the Plaintiff requests that the Court vacate its Memorandum Opinion and Order and order full briefing and argument on the issue of whether a private cause of action for damages is implied in § 537 if the SCRA.

**ANDRE GORDON**

By: /s/   Andrew M. Hendrick
Counsel

Andrew M. Hendrick, Esq. (VSB # 42852)
Robert J. Haddad, Esquire (VSB #22298)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23453
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com
Counsel for the Plaintiff, Andre Gordon

Rebecca S. Colaw, Esquire (VSB # 47702)
Rebecca S. Colaw, Attorney at Law, P.C.
404 N. Main Street, Suite B
Suffolk, VA 23434
(757) 539-5020
Fax: (757) 222-2895
Counsel for the Plaintiff, Andre Gordon

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of November, 2009, I will electronically file the foregoing Memorandum in Support using the CM/ECF system, which will then send a notification of such filing (NEF) to the following: William M. McKee, Esquire, William M. McKee and Associates, 6330 Newtown Road, Suite 324, Norfolk, VA 23541, counsel for Defendant, Pete's Auto Service of Denbigh, Inc.

      /s/   Andrew M. Hendrick
Andrew M. Hendrick, Esq.
(VSB # 42852)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23453
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com
*Counsel for the Plaintiff*