IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANDRE GORDON

       Plaintiff,

v.     Civil Action No.4:08cv124

AIMCO, INC.

and

AIMCO/BETHSDA HOLDINGS, INC.

and

NEWPORT-OXFORD ASSOCIATES, L.P.,

and

OPM MANAGEMENT, LLC,

and

PETE'S AUTO SERVICE OF DENBIGH, INC.,

       Defendants.

### DEFENDANT'S MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION TO RECONSIDER

COMES NOW the Defendant, by counsel, and files this Memorandum in Opposition to Plaintiff's Motion to Reconsider.

### BACKGROUND

Plaintiff filed this suit against Pete's Auto Service of Denbigh, Inc. (hereinafter "Pete's") and various other defendants for damages Plaintiff claims to have suffered as the result of the towing and eventual sale of the Plaintiff's vehicle while Plaintiff was deployed on active military duty. The claims against all defendants other than Pete's were settled for $25,000.00 and those

defendants have been dismissed from this action, leaving Pete's as the only defendant. Plaintiff makes two claims against Pete's and makes a separate claim for damages from each, to-wit: (1) Conversion, and (2) violation of the Servicemember's Civil Relief Act, 50 U.S.C. §501, *et. seq.* (hereinafter "SCRA"). Plaintiff alleged that this Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1367 because of the claim Pete's violated the SCRA and that this court has supplemental jurisdiction over the state-law Conversion claim pursuant to 28 U.S.C. §1367.

This Court entered a Final Order dismissing this matter for lack of subject matter jurisdiction on November 17, 2009, holding there is not a separate claim for damages for violation of the SCRA and therefore a claimed violation of the SCRA by itself is not a sufficient basis for federal court jurisdiction.

Plaintiff has timely filed a Motion to Reconsider with supporting Memorandum.

## STANDARD OF REVIEW

The Fourth Circuit has delineated three main reasons for which a court may reconsider its ruling in a case: "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). There is no appropriate basis for reconsideration in this case under any of these grounds, and this Court should not reconsider its correct ruling dismissing this case for lack of subject matter jurisdiction.

## ARGUMENT

1. This Court Made A Correct Ruling That There Is No Private Claim For Damages Under The SCRA And It Therefore Lacks Subject Matter Jurisdiction Over This Case

It is undisputed that the SCRA does not expressly provide a private cause of action for damages. Therefore, as tacitly acknowledged by the Plaintiff in Plaintiff's Memorandum in

Support of his Motion for Reconsideration (hereinafter "Memorandum"), any basis for a private civil cause of action under the SCRA must be an "[i]mplied right of action under certain provision of the SCRA." Memorandum at Page 4.

Plaintiff in his Memorandum cites Cort v. Ash, 422 U.S. 66, 95 S. Ct. 2080 (1975) in support of his position that there is an implied right of action under the SCRA in this case. Cort states that

> "[i]n determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted' . . . Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny. . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law. Id. at page 78 (internal citation omitted).

As Plaintiff claims "there is an implied right of action under certain provision of the SCRA", Memorandum at page 4, he apparently is basing his argument under the second prong of this test.

The U.S. Supreme Court addressed this issue in Alexander v. Sandoval, 532 U.S. 275 (2001). Alexander analyzed the question of whether there was a private cause of action to enforce a particular Federal regulation. The Court stated that "private rights of action to enforce federal law must be created by Congress . . . (remedies available are those 'that Congress enacted into law'). The judicial task is to interpret the statutes Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. . . . Statutory intent on this latter point is determinative. . . . Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. (internal citations omitted). Thus, there can be no private right

of action to enforce the SCRA unless it was created by Congress and there was an intent to create a private remedy.

Congress has clearly stated the purpose of the SCRA, and that stated purpose neither expressly nor by implication creates or allows a private cause of action for damages under the SCRA. "The purposes of this Act are---. . . . (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. §502. The SCRA is replete with language confirming that its purpose is to allow the courts to suspend, stay, postpone proceedings and/or vacate "(1) the enforcement of an obligation or liability, (2) the prosecution of a suit or proceeding, (3) the entry or enforcement of an order, writ, judgment, or decree, or (4) the performance of any other act." 50 U.S.C. §513. *See, e.g.,* 50 U.S.C. §518 ("stay, postponement, or suspension pursuant to this Act in [payments due from servicemember]"); 50 U.S.C. §521(4)(d) ("In an action covered by this section . . . the court shall grant a stay of proceedings. . ."); 50 U.S.C. §521(4)(g)(1) ("If a default judgment is entered in an action covered by this section against a servicemember . . . the court entering the judgment shall . . . reopen the judgment [on behalf of the servicemember if certain conditions are met]"); 50 U.S.C. §522 "At any stage before final judgment in a civil action or proceeding [against a servicemember . . . the court may stay the action. . .]"). Thus, the SCRA empowers a court to suspend, postpone, stay or similarly temporarily interrupt judicial and administrative proceedings and transactions but there is no "indication of legislative intent, explicit or implicit," to create a private action for damages and therefore there is no such remedy.

The express penalties described in 50 U.S.C. §537 on which Plaintiff relies for his SCRA claim further prove there is no private civil remedy for violation of this section of the SCRA.

The Supreme Court has stated that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." Alexander v. Sandoval, 532 U.S. 275 (2001).  50 U.S.C. §537 explicitly sets forth the penalty for violation of this section, to-wit:   ''(1) MISDEMEANOR.—A person who knowingly takes an action contrary to this section, or attempts to do so, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. ''(2) PRESERVATION OF OTHER REMEDIES.—The remedy and rights provided under this section are *in addition to* and *do not preclude* any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including any consequential or punitive damages."  (emphasis added).  Congress granted the United States the right to pursue a criminal sanction and specifically addressed a servicemember's right to a civil action by stating the SCRA does not interfere with those rights.  Congress did not grant the servicemember a right to pursue a private claim under the SCRA.  Since Congress provided "one method of enforcing" this section of the SCRA, Congress clearly intended to preclude other methods of enforcing this section including private civil actions.  Thus, this court was correct in ruling that there is no private civil claim allowed under the SCRA and since that was the only basis for federal jurisdiction there is no basis for federal jurisdiction in this case.

2. The Court's Decision is not in conflict with a concurrent case pending before the Court.

Plaintiff's argument that the ruling *on a motion* in United States of America v. B.C. Enterprises, Inc., et. al., Case No. 2:08cv590 currently pending in this court is in conflict with this Court's ruling in the case at bar is not supportable.  The Order from the Court in B.C. Enterprises, attached to Plaintiff's Memorandum, clearly indicates that the issue before that court was Defendants' Motion to substitute Plaintiff Pursuant to Federal Rule of Civil Procedure 17 or,

In the Alternative, to Dismiss the Complaint for Lack of Standing. The B.C. Enterprises Court ruled that the United States had standing to bring the suit in that case but made no ruling on whether the SCRA provides a private cause of action to a private individual such as the Plaintiff in this case. Thus, there is no conflict between that Court's ruling and this Court's ruling. In addition, as noted above, this Court's analysis of whether there is a private claim under the SCRA is correct.

3. This Court's ruling does not cause a manifest injustice.

The Plaintiff argues in his Memorandum that "[i]f the Plaintiff is limited to equitable relief, the Plaintiff would be without a remedy because a *bona fide* purchaser of his vehicle is protected" and that the court's ruling leaves the Plaintiff "with no remedy after the fact to make himself whole." Memorandum at page 5. This argument is blatantly incorrect. As the Court correctly notes in its brief, Plaintiff's STATE claim for Conversion survives this Court's ruling dismissing this matter from FEDERAL Court, and Plaintiff therefore can pursue his Conversion claim in STATE court and make the same allegations and request the same damages for Conversion as he was pursuing in this Court should he choose to do so. In addition, Plaintiff has already received a $25,000 payment for a vehicle he has estimated to be worth approximately $14,000 to release the other defendants in this case. Thus, Plaintiff is clearly left with a "remedy after the fact to make himself whole" and has already been at least partially compensated for his claimed losses, and there is no injustice of any type.

## **CONCLUSION**

This Court correctly ruled that the SCRA does not contain an explicit or an implied private cause of action and therefore this court has no subject matter jurisdiction, and this Court's Order dismissing this case for lack of jurisdiction was appropriate. Plaintiff's Motion for

Reconsideration is without merit or support. Pete's therefore requests this Court to deny Plaintiff's Motion to Reconsider, to award Pete's its costs including but not limited to reasonable attorneys fees, and to grant such further and other relief and/or sanction as the Court in its wisdom deems appropriate.

                                      **PETE'S AUTO SERVICE OF DENBIGH, INC.**

                                      By: /s/Richard H. Roston
                                              Counsel

Richard H. Roston, Esq. (VSB #41856)
William M. McKee, Esq. (VSB #17612)
WILLIAM M. McKEE & ASSOCIATES
6330 Newtown Road, Suite 324
Norfolk, VA  23502
Phone: (757) 461-9420
Fax:    (757) 461-9424

## Certificate of Service

     I HEREBY CERTIFY that a true copy of the foregoing was mailed, first-class, postage prepaid, this 4th day of December 2009, and served via electronically via ECM/ECF to the following:

Andrew M. Hendrick, Esq. (VSB # 42852)
Robert J. Haddad, Esquire (VSB #22298)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23453
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com
Counsel for the Plaintiff, Andre Gordon

Rebecca S. Colaw, Esquire (VSB # 47702)
Rebecca S. Colaw, Attorney at Law, P.C.
404 N. Main Street, Suite B
Suffolk, VA 23434
(757) 539-5020
Fax: (757) 222-2895
Counsel for the Plaintiff, Andre Gordon

                                                        /s/ Richard H. Roston
                                                        Richard H. Roston, Esq.