UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
DEC 11
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ANDRE GORDON,

    Plaintiff,

v.                                  Civil No. 4:08cv124

PETE'S AUTO SERVICE OF DENBIGH, INC.,

    Defendant.

**MEMORANDUM OPINION**

Pending now before the court is the Plaintiff's Motion for Reconsideration ("Motion"), asking this court to alter or amend its ruling as set out in the court's Memorandum Opinion and Final Order ("Final Order"), filed on November 17, 2009.[1] For the reasons stated below, the Motion is **DENIED**.

I. PROCEDURAL HISTORY

In the Final Order, the court dismissed the plaintiff's complaint for lack of subject matter jurisdiction, finding that, first, the statute upon which the plaintiff relied to establish federal question jurisdiction, the Servicemembers' Civil Relief

---

[1] Pursuant to Fed. R. Civ. P. 59, the court may alter or amend a previous judgment when moved by a party to do so within ten (10) days of the judgment. Fed. R. Civ. P. 59(e). A court may grant such a motion to accommodate an intervening change in controlling law, account for new evidence not available at trial, or to correct a clear error of law or prevent manifest injustice. E.g., Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Act, 50 U.S.C. app. § 501 et seq. ("SCRA" or "Act"), did not give this court the authority to grant the relief the plaintiff sought. The court explained that because the plaintiff sought damages under a statute that only granted courts "the authority to stay, postpone, suspend, or vacate any judicial or administrative proceedings or transactions which impair the civil rights of an armed servicemember," the court was without subject matter jurisdiction. (Final Order at 3-4.) Second, the court found that the plain language of the SCRA precluded this court from exercising jurisdiction solely on the basis of the SCRA. (Id. at 5-6.) The SCRA restricts jurisdiction to courts in which a proceeding has already been properly commenced between the parties or to any court which would otherwise have jurisdiction. (Id.) The court concluded, therefore, that the SCRA, by itself, was not a basis for federal question jurisdiction. (Id.)

## II. DISCUSSION

First, and foremost, the court finds that the plaintiff has produced no authority which would render this court's finding that the SCRA does not provide an independent cause of action for damages in "clear error of law." Instead, the plaintiff only cites findings from other district courts, most of which are unpublished and are, in any event, non-binding upon this court. At a threshold level, the plaintiff fails to meet his burden under Rule 59(e), that this court's previous decision be a "clear error of law."

Moreover, most of the cases that the plaintiff cites, in addition to being non-binding and unpublished, are inapposite to the issue of whether the SCRA provides an independent cause of action for damages.[2] For example, the plaintiff's reliance upon this court's order in United States v. B.C. Enterprises, Inc., No. 2:08cv590 (E.D. Va. June 23, 2009)(unpublished)(Doumar, J.) is misplaced. In that order, this court addressed whether the United States had standing to file suit on behalf of servicemembers against the defendants, who allegedly had violated section 537 of the SCRA. In that case, the United States seeks injunctive relief against any further violations of the SCRA by the defendants, as well as damages. At no point in that order, however, did the court address whether the statute explicitly or implicitly provides a cause of action for damages. The court only drew conclusions with regard to matters pertaining to the issue directly before it, namely whether the United States had standing to file suit on behalf of the servicemembers under the SCRA. Notwithstanding the

---

[2] See Cathey v. First Republic Bank, 2001 U.S. Dist. LEXIS 13150 *18-19 (W.D. La. July 6, 2001)(finding that the SSCRA does provide a private cause of action, but failing to decide whether that includes a cause of action for damages); Moll v. Ford Consumer Finance Company, No. 97 C 5044, 1998 U.S. Dist. LEXIS 3638 (N.D. Ill. Mar. 23, 1998)(noting that the SSCRA "provides for a temporary suspension of various transactions and legal proceedings" and allowing a plaintiff to proceed on his claim to force a creditor to comply with the section 526 of the Act); Marin v. Armstrong, No. 3:97-CV-2784-D, 1998 U.S. Dist. LEXIS 22792 (N.D. Tex. Sept. 1, 1998)(finding that the SSCRA was not limited to "defensive relief" but conferred a private cause of action to limit a servicemembers' obligation to his creditors).

plaintiff's contentions, the court's silence on that issue does not mean the court gave its "approval of the existence of a private cause of action for damages." (Motion at 5.) The only inference that can be drawn from the court's silence on that issue is that the court has yet to address that issue in that case.[3]

Simply put, the cases that the plaintiff cites in support of the proposition that the SCRA provides a cause of action for damages are unpersuasive to this court. For example, the court's conclusory finding in <u>Lincscott v. Vector Aerospace</u>, No. CV-05-682-HU, 2006 U.S. Dist. LEXIS 6287 *20 (D. Or. Jan. 31, 2006), that section 537(c)(2) "indicates that Congress did not intend to explicitly deny servicemembers the remedy of damages for violation of this provision, and that damages are consistent with the

---

[3] In fact, if there were any other inference to be drawn from the court's order in that case, it would operate against the plaintiff's contention. In that order, the court specifically noted that the SCRA's "purpose was to <u>suspend enforcement of certain civil liabilities</u> against servicemembers so that they may entirely devote themselves to their military service and the defense needs of the nation." <u>B.C. Enterprises</u>, No. 2:08cv590(Docket #16 at 4)(emphasis added). The court did not, rightly so, infer from that plain and unambiguous statement of the purpose of the SCRA that a private cause of action for damages exists under the statute. Moreover, the court notes that in <u>United States v. Arlington County</u>, 326 F.2d 929 at 931 (4th Cir. 1964), on which the court partly relied in <u>B.C. Enterprises</u>, the United States only sought a declaratory judgment, not damages, for the county's alleged violation of the SCRA. Similarly, <u>United States v. County of Champaign</u>, 525 F.2d 374 (7th Cir. 1975), the other case the court cited in <u>B.C. Enterprises</u>, did not involve damages, but, instead, was a suit brought by the United States to enjoin a county in Illinois from levying a tax on mobile homes owned by servicemen.

underlying purposes of the statute" is not a sufficient rationale upon which to conclude that the SCRA, itself, provides a damages remedy. Instead, such a conclusion only begs the question, which, as this court directly addressed in the Final Order, is answered by a plain reading of the statute.

As this court previously noted, (see Final Order at 4, note 4), section 537(c)(2) distinguishes between the equitable relief afforded under the SCRA and "any remedy for wrongful conversion otherwise available under the law." 50 U.S.C. app. § 537(c)(2). A plain reading of that section makes clear that the SCRA does not preclude a cause of action for damages for wrongful conversion and that "[t]he remedy and rights provided under this section are in addition to" such damages. Id.[4] In other words, a plaintiff can raise a cause of action for conversion and seek damages in any appropriate court, and then the SCRA can be raised in that cause of action to afford equitable remedies, such as a stay or injunctive relief. However, the SCRA, itself, does not explicitly or implicitly provide grounds for relief which would include damages.[5]

---

[4] That section, entitled "Preservation of other remedies," reads in full: "The remedy and rights provided under this section are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including any consequential or punitive damages." 50 U.S.C. app. § 537(c)(2).

[5] The plaintiff asks the court to apply the Cort test, as set out in United States v. Cort, 422 U.S. 66 (1975), in determining whether a private cause of action for damages implicitly exists in the SCRA. Under this test, the following four

5

If the plaintiff's construction were correct, section 537(c)(2) would be superfluous because the SCRA, itself, would already be the basis for a cause of action for conversion. This section only makes sense if the remedies afforded under the SCRA are different from those a plaintiff might otherwise seek for wrongful conversion.

Finally, the plaintiff has failed to demonstrate the way in which this court's second basis for denying subject matter jurisdiction is in "clear error of law." Section 512 of the SCRA only allows a court to exercise jurisdiction where a proceeding has already properly commenced between the parties or where the court could exercise jurisdiction. As stated in the Final Order, this court has no basis to exercise jurisdiction in this case apart from the SCRA, and, thus, this case was properly dismissed. (See Final

---

factors should be considered in determining whether an implied private right of action exists under a statute: (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is any indication that Congress intended to create or deny such a remedy; (3) whether an implied remedy is consistent with the underlying purpose(s) of the statute; and (4) whether the cause of action is one traditionally relegated to state law. For the reasons stated above and in the Final Order, the court finds that the language of the statute shows that Congress did not intend to create a damages remedy in the statute, that such a remedy would be inconsistent with the <u>stated purpose and intent</u> of the SCRA, and that the cause of action for conversion, which is most similar to the plaintiff's underlying cause of action, is traditionally relegated to state law.

6

Order at 6.)[6] This court's decision has no bearing upon whether the plaintiff can continue to pursue his conversion claim in state court, thereby making the plaintiff's assertion that this court's decision creates a "manifest injustice" meritless. The problem here is that the plaintiff did not file the underlying conversion claim for damages in the correct court, and this court is without jurisdiction to remedy the plaintiff's error by creating a cause of action for damages under the SCRA.

### III. CONCLUSION

The plaintiff has failed to demonstrate that this court committed clear error or created a manifest injustice in issuing its Final Order in this case. The SCRA unambiguously states the remedies which are afforded to servicemembers, and that statement conspicuously precludes a cause of action for damages. Liberal construction of the SCRA does not mean that the court can or should construe the SCRA in contravention of its explicit terms. Accordingly, the court **DENIES** plaintiff's Motion for

---

[6] In B.C. Enterprises, No. 2:08cv590, and other cases holding that the United States has standing to bring a cause of action under the SCRA, or its predecessor statute, do not assist the plaintiff on this issue because jurisdiction would stand in those cases in light of 28 U.S.C. § 1345, which grants federal courts jurisdiction in civil actions commenced by the United States. 28 U.S.C. § 1345. Moreover, as this court recognized in the Final Order, the plaintiff only alleged federal question jurisdiction, and not diversity jurisdiction. (See Final Order at 6, note 7.) The Plaintiff does not raise diversity jurisdiction in the current Motion to Reconsider.

Reconsideration and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 11, 2009